IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MAURICE CROWDER                                                             PETITIONER

VS.                                           CIVIL ACTION NO. 3:17cv1034-DPJ-FKB

WARDEN MARCUS MARTIN                                                RESPONDENT

**REPORT AND RECOMMENDATION**

Maurice Crowder is a federal prisoner serving a 240-month sentence at the Federal Correctional Complex in Yazoo City, Mississippi. He brought this action pursuant to 28 U.S.C. § 2241 challenging his conviction. The undersigned recommends that the petition be dismissed.

Crowder was tried at a bench trial and convicted in the United States District Court for the Northern District of Illinois of conspiracy to possess with intent to distribute a controlled substance, and with knowingly and intentionally attempting to possess a controlled substance, both in violation of 21 U.S.C. § 846. In his petition, he argues that the evidence of his knowledge that he was dealing with a controlled substance was insufficient to convict him. He also contends that evidence used to convict him was the product of an impermissible seizure of his vehicle.

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam). A federal prisoner may challenge his conviction under § 2241 only if his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to

§ 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate only where a petitioner's claim (1) is based upon a retroactively-applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

In an attempt to come within the savings clause exception, Crowder relies upon *McFadden v. United States*, 135 S.Ct. 2298 (2015). *McFadden* involved a prosecution under the Controlled Substances Act, 21 U.S.C. § 841(a)(1), (CSA), and the Analogue Act, 21 U.S.C. § 802(32)(A), for distribution of bath salts.[1] In *McFadden*, the Court first stated that in order to convict under the CSA, the government must establish that the defendant knew that the substance he was dealing with was a controlled substance. *McFadden*, 136 S.Ct. at 2303. The Court went on to clarify that where the substance is an analogue, this knowledge requirement is met by establishing either that the defendant knew that the substance was controlled under the CSA or the Analogue Act, regardless of whether he knew its identity, or that he knew the identity of the specific analogue he was dealing with, whether or not he knew its legal status as an analogue. *Id.* at 2305.

Crowder has not established that *McFadden* set forth a new, retroactively applicable rule indicating that he may have been convicted of a non-existent offense.

---

[1] The Analogue Act identifies a category of substances (analogues) that are substantially similar to those listed in the controlled substances schedule, and it instructs courts to treat those analogues, if they are intended for human consumption, as controlled substances. *McFadden*, 135 S.Ct. at 2303.

2

Crowder and an accomplice were arrested after they took delivery of a Ford Mustang in which cocaine and marijuana were hidden. *See United States v. Crowder*, 588 F.3d 929 (7th Cir. 2010). Crowder's case did not involve the Analogue Act. Furthermore, the knowledge issue in Crowder's case was apparently whether he knew of the presence of the substances in the car, not whether he appreciated their nature as controlled substances. *McFadden* provides no basis for application of the savings clause.[2]

Because Crowder's petition may not be brought under § 2241, this court is without jurisdiction. Accordingly, the undersigned recommends that the petition be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of April, 2019.

/s/ F. Keith Ball
United States Magistrate Judge

---

[2] Crowder makes no attempt to fit his Fourth Amendment argument within the savings clause exception.