UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MAURICE CROWDER                                                                                    PLAINTIFF

V.                                                                     CIVIL ACTION NO. 3:17-CV-1034-DPJ-FKB

WARDEN MARCUS MARTIN                                                                        DEFENDANT

ORDER

This habeas petition brought under 28 U.S.C. § 2241 is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge F. Keith Ball. Judge Ball recommended dismissal with prejudice for lack of jurisdiction. R&R [21]. Petitioner Maurice Crowder timely filed an Objection [22] to the R&R. Because the Court agrees with Judge Ball that Crowder failed to establish that his petition falls within 28 U.S.C. § 2255's savings clause, it adopts the R&R as the opinion of the Court.

I.    Background

Crowder is a federal prisoner currently housed at the Federal Correctional Complex in Yazoo City, Mississippi. In 2008, he was convicted of conspiracy to possess with intent to distribute a controlled substance under 21 U.S.C. § 846, and with knowingly and intentionally attempting to possess a controlled substance under 21 U.S.C. § 841(a)(1). The convictions occurred in the United States District Court for the Northern District of Illinois. Crowder filed the instant habeas petition under § 2241, arguing that there was insufficient evidence that he knew he was in possession of a controlled substance and that the Supreme Court's decision in *McFadden v. United States*, 135 S. Ct. 2298 (2015), requires the government to prove he knew the substance was controlled. Pet. Mem. [2] at 10. He also says the seizure leading to his

conviction violated the Fourth Amendment. Judge Ball recommended that Crowder's petition be dismissed for lack of jurisdiction as improperly brought under § 2241.

II.     Analysis

Crowder's § 2241 petition attacks his conviction and sentence entered in the Northern District of Illinois. But § "2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing," and generally "only the sentencing court has jurisdiction to hear claims under § 2255." *Gadson v. Fleming*, No. 01-10265, 2002 WL 31730411, at *1 (5th Cir. Nov. 29, 2002) (quoting *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997)).

There is, however, an exception to this rule. "[A] § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

> [T]he savings clause of § 2255 applies to a claim of actual innocence "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion."

*Id.* (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).

Crowder attempts to satisfy the savings clause by citing *McFadden*. *McFadden* involved "the knowledge necessary for conviction under § 841(a)(1)[1] when the controlled substance at issue is in fact an analogue" as defined under 21 U.S.C. § 813. 135 S. Ct. at 2302. The *McFadden* Court held that the "knowledge requirement is met if the defendant knew that the substance was controlled under the CSA or the Analogue Act, even if he did not know its

---

[1] Section 841(a)(1) makes it a crime "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

2

identity . . . [or] if the defendant knew the specific features of the substance that make it a "controlled substance analogue." *Id.* (quoting 21 U.S.C. § 802(32)(A)).

Unlike the *McFadden* defendant, Crowder was not convicted for possessing a controlled substance *analogue*; he was convicted for conspiring to possess with the intent to distribute cocaine and marijuana. So, Judge Ball concluded that "*McFadden* [does not] set forth a new, retroactively applicable rule indicating that [Crowder] may have been convicted of a non-existent offense." R&R [21] at 2.

Crowder says Judge Ball got it wrong, but the only circuit court to consider Crowder's argument rejected it. The Third Circuit, writing *per curiam*, held that *McFadden* "did not change the substantive law for an offense involving a non-analogue controlled substance, such as [an] offense involving cocaine." *Walker v. United States*, 731 F. App'x 88, 90 (3d Cir. 2018). So too, Crowder's convictions involved non-analogue controlled substances.

Crowder has failed to identify a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. It may be true—as he argues—that knowledge and intent were key issues at his trial, but there is nothing knew about the government's burden to prove knowledge and intent. In fact, the *McFadden* Court explicitly agreed with the Seventh Circuit's *mens rea* requirement for possession of non-analogue controlled substances like cocaine and marijuana. 135 S. Ct. at 2304 (citing *United States v. Martinez,* 301 F.3d 860, 865 (7th Cir. 2002)). Crowder was convicted in the Seventh Circuit.

Finally, Judge Ball notes that "Crowder makes no attempt to fit his Fourth Amendment argument within the savings clause exception." R&R [21] at 3 n.2. This is true, and Crowder does not address this in his objection.

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, the Court adopts Judge Ball's Report and Recommendation [22] as the opinion of the Court. The petition is dismissed with prejudice for lack of jurisdiction. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 4th day of June, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE